UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00050-GNS

EMMANUEL DASOR                                                                                  PLAINTIFF

v.

MAHLON J. STUTZMAN                                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 6). This matter is now ripe for adjudication. For the reasons that follow, the motion is **DENIED**.

### I. BACKGROUND

Plaintiff Emmanuel Dasor ("Dasor") brought suit against Defendant Mahlon J. Stutzman ("Stutzman") in Kentucky state court on October 5, 2018, asserting a negligence claim arising from a car crash between the two. (Notice Removal, Ex. A, at 1-2, DN 1-1). In the Complaint, Dasor requested compensatory damages for his physical injury, past and future medical expenses, mental suffering and emotional distress, and impairment of his power to earn money. Dasor did not specify an amount of damages but claimed compensatory damages "in an amount in excess of the jurisdictional minimum limits of th[e] Court." (Notice Removal, Ex. A, at 2).

Dasor did not serve Stutzman with the Complaint until February 7, 2019. (Notice Removal Ex. A, at 3). Stutzman filed his Answer on February 27, 2019. (Notice Removal, Ex. A, at 4-7). The parties then engaged in discovery. Of note, Stutzman asked Dasor to admit that Dasor would not be seeking damages greater than $75,000, which Dasor denied on March 25, 2019. (Def.'s Resp. Pl.'s Mot. Remand Ex. B, at 1, DN 7-2). Dasor also specifically asserted a total amount of

damages of almost $700,000 in discovery response on March 27, 2019. (Def.'s Resp. Pl.'s Mot. Remand Ex. C, at 3, DN 7-3). Stutzman then removed the case to this Court on April 23, 2019. (Notice Removal, DN 1).

## II. DISCUSSION

Dasor seeks remand of this case back to Kentucky state court, asserting that Stutzman should have removed this case to this Court within 30 days from service of the Complaint, not from the time Dasor asserted a specific amount of damages.

"Several district courts located within Kentucky's boundaries have written on the thirty-day period to remove under [28 U.S.C.] section 1446(b) and when it commences. All agree the reviewing court should 'consider a defendant's actual knowledge to determine when the thirty-day period commences.'" *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054-R, 2011 WL 3360670, at *3 (W.D. Ky. Aug. 4, 2011) (quoting *Mozee v. Dugger*, 616 F. Supp. 2d 672, 673-74 (W.D. Ky. 2009)). "The thirty-day period for removal starts to tick when a defendant has 'solid and unambiguous information that the case is removable.'" *Id*. at *3 (quoting *Franklin Am. Mortg. Co. v. Eagle Nat'l Bank*, No. 3:10-cv-0069, 2010 WL 1628998, at *3-4 (M.D. Tenn. Apr. 21, 2010)).

The Court fails to see how Stutzman was expected to glean from the facts and circumstances of this case that Dasor adequately pled the jurisdictional minimum to allow Stutzman to remove the case to a federal court. The Complaint asserted damages with no more specificity than "compensatory damages in an amount in excess of the jurisdictional minimum limits of the Court . . . ." (Notice Removal Ex. A, DN 1-1). Dasor's only argument is that "[t]he nature of the claims and relief demanded should have alerted [Stutzman] that [Dasor] was seeking an amount in excess of the $75,000 federal jurisdictional amount requirement." (Pl.'s Mem. Supp.

2

Mot. Remand 4, DN 6-1). However, "[b]are allegations arising from [severe personal injury] claims [which are routinely asserted in complaints arising from car accidents] do not, by themselves, establish a case is removable." *Warren v. Sheba Logistics, LLC*, 1:15-CV-00148-GNS-HBB, 2016 WL 1057322, at *2 (W.D. Ky. Mar. 14, 2016) (citing *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961-63 (E.D. Ky. 2009)).

Moreover, in November 2018, Dasor demanded $34,000 from Stutzman's insurer to settle this matter. (Def.'s Resp. Pl.'s Mot. Remand Ex. A, DN 7-1). So, not only did the Complaint just generally assert that Dasor sought damages "in excess of the jurisdictional limit[,]" but the specific amount of damages articulated by Dasor before answering Stutzman's discovery requests was $34,000, less than half of the $75,000 jurisdictional minimum. 28 U.S.C. § 1332(a). The Court cannot find any "solid and unambiguous information" that would suggest that this case was removable during the time period Dasor asserts the case should have been removed.

Finally, Dasor points to this Court's decision in *McCraw v. Lyons*, 863 F. Supp. 430 (W.D. Ky. 1994), in support of his position. This Court rejected similar reliance on *McCraw* in *Warren*, stating, "[t]his Court disagrees with the holding in *McCraw* and does not believe that speculation based upon general descriptions of unliquidated damages in a complaint is sufficient . . . ." *Warren*, 2016 WL 1057322, at *2.

The clock for removal started on March 25, 2019, with Dasor's response to Stutzman's request for admission specifically indicating an intent to seek great than $75,000 in damages. Stutzman filed the Notice of Removal on April 23, 2019, within the 30-day time limit for removal. The Court finds no reason to remand this case.

## III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (DN 6) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

October 8, 2019

cc: counsel of record